UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID L. REED, | Case No. 2:18-cv-01847-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| NORTH LAS VEGAS POLICE DEPTARTMENT, et al., | |
| Defendants. | |

Presently before the court is pro se prisoner David L. Reed's motion to extend time (ECF No. 7), filed on December 10, 2018.

Also before the court is plaintiff's motion for appointment of counsel (ECF No. 8), filed on December 26, 2018.

Also before the court is plaintiff's request for service of summons (ECF No. 10), filed on January 30, 2018.

**I. BACKGROUND**

On October 11, 2018, the court denied plaintiff's application to proceed *in forma pauperis* and ordered plaintiff to file a complete application or pay the full filing fee within 30 days. (Order (ECF No. 4).) The court then extended the deadline for plaintiff to file a complete application or pay the filing fee to December 17, 2018. (Order (ECF No. 6).) Plaintiff then moved for an additional extension of the deadline and shortly thereafter, filed a complete *in forma pauperis* application. (Mot. for Extension of Time (ECF No. 7); Mot. for Leave to Proceed (ECF No. 9).) Plaintiff also moves for the appointment of counsel, arguing that his imprisonment will limit his ability to litigate. (Mot. for Appointment (ECF No. 8).) Lastly, plaintiff moves for the issuance of summons. (Request for Service (ECF No. 10).)

//

## II. MOTION TO EXTEND TIME

Plaintiff moves to extend the time to file a complete *in forma pauperis* application. (ECF No. 7.) Plaintiff argues that he was unable to receive the necessary inmate financial certificates because they were sent to a unit in which he no longer resides. Shortly after the filing of his motion to extend, plaintiff filed a complete application. In light of plaintiff's representations and the filing of the complete application, the court grants plaintiff's request *nunc pro tunc* and extends the deadline to January 17, 2019.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves for the appointment of counsel to assist him in this case. (Mot. for Appointment of Counsel (ECF No. 8).) Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, plaintiff argues that he is unable to afford counsel, and that he has made attempts to retain counsel. Plaintiff further argues that his incarceration will impact his ability to litigate this case, because the case is complex and requires significant research. Lastly, plaintiff argues that

on one or more occasion he was prohibited from accessing the courts, because the facility allegedly mishandled or lost his mail.

Having reviewed the motion, plaintiff does not demonstrate the exceptional circumstances required for the appointment of an attorney. Given the case's early procedural posture, the court is unable to evaluate plaintiff's likelihood of success on the merits. But plaintiff has thus far demonstrated an ability to articulate his claims without an attorney, and the legal issues in this case are not complex. Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless, so long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* The court in its discretion therefore denies plaintiff's motion.

**IV.     MOTION FOR SERVICE**

Plaintiff also moves for the issuance of summons to defendants Miller, Alimboyah, and Cannon. (Mot. for Service (ECF No. 10).) Plaintiff's motion for summons is premature, as the court has not yet screened plaintiff's complaint. As such, the court denies the motion without prejudice.

**V.      CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's motion to extend is GRANTED *pro nunc tunc*. Plaintiff's deadline to file a complete application is extended to January 17, 2019.

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (ECF No. 8) is DENIED.

IT IS THEREFORE ORDERED that plaintiff's request for service of summons (ECF No. 10) is DENIED without prejudice.

DATED: July 15, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE