# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID L. REED, | Case No. 2:18-cv-01847-APG-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| NORTH LAS VEGAS POLICE DEPTARTMENT, et al., | |
| Defendants. | |

Presently before the court is pro se prisoner David L. Reed's Motion/Application for Leave to Proceed *in forma pauperis* (ECF No. 9), filed on December 26, 2018. Reed submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Reed's request to proceed *in forma pauperis* therefore will be granted. The Court now screens Reed's amended complaint (ECF No. 16) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    ANALYSIS**

**A.    Screening Standard for Pro Se Prisoner Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law

(2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Amended Complaint

Plaintiff filed an Amended Complaint (ECF No. 16) on February 18, 2020. As it supersedes his original Complaint, the Court will only screen the Amended Complaint. Plaintiff sues three North Las Vegas police officers in addition to the North Las Vegas Police Department for utilizing excessive force and conducting an illegal search and seizure in violation of the 4th Amendment, along with discriminating against him based on his race in violation of the 14th Amendment. Plaintiff seeks compensatory damages of $100,000 against each of the individual police officers and $300,000 against the North Las Vegas Police Department, punitive damages

of $150,000 against two of the officers and $50,000 against the third along with $300,000 against the Department.

To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the deprivation was committed by a person acting under color of state law. *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). However, Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

    **1.**    **Fourth Amendment**

The Court notes that Plaintiff may be attempting to state an excessive force claim pursuant to the Fourth Amendment. The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonably in light of the circumstances as perceived by a reasonable officer at the scene. *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). However, the "Fourth Amendment does not prohibit a police officer's use of reasonable force during an arrest." *Tatum v. City of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff alleges that after a short foot race, he was placed face down, hands extend above his head, Officer Alimboyah jumped on his back, handcuffed him, and repeatedly punched him in the face and ribs causing him to bleed from his right ear, and struck Plaintiff in his ribs and legs with Officer Alimboyah's knee. Plaintiff also alleges that Officer Miller punched him in the ribs and head causing swelling and a cut to his forearm. The Court finds that Plaintiff has alleged sufficient facts to proceed with his excessive force claim under the Fourth Amendment against Alimboyah and Miller.

1 As for his illegal search and seizure claim, Plaintiff claims that $100 was taken from his pants and not deposited in his account, used as evidence, or returned. Plaintiff also claims that the traffic stop for which he was detained was not supported by probable cause and he was not subsequently arrested for carjacking. The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." *U.S. Const. Amend. IV*. "A person is seized" whenever an official restricts "his freedom of movement" such that he is "not free to leave." *Brendlin v. California*, 551 U.S. 249, 254, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007). The general rule is that "seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192, 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013). The Fourth Amendment "establishes the minimum constitutional 'standards and procedures'" for arrests and the ensuing detention. *Manuel*, 137 S.Ct. at 917 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). Where a plaintiff alleges a seizure or pretrial detention was not supported by probable cause, "then the right allegedly infringed lies in the Fourth Amendment." *Id*. at 919. An alleged defect in the legal process does not extinguish a plaintiff's Fourth Amendment claim or "convert that claim into one founded on the Due Process Clause." *Id*.

The Court finds that Plaintiff has alleged sufficient facts to proceed with his illegal search and seizure claim under the Fourth Amendment against Alimboyah and Miller. However, Plaintiff's claim against Cannon is not sufficiently alleged to proceed. He claims that Cannon lied in his report by claiming that Plaintiff confessed to carjacking. Plaintiff will be given leave to amend if he believes he can state a plausible Fourth Amendment claim against Cannon.

### 2. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The purpose of this Clause is to prevent intentional and arbitrary discrimination. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 611, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008).

Plaintiff's Amended Complaint states that he is seeking to bring both due process and equal protection claims. However, well-established precedent indicates that Fourth Amendment principles, rather than Fourteenth Amendment due process principles, govern pretrial deprivations of liberty. *See, e.g., Manuel,* 137 S.Ct. at 917–19; *Albright*, 510 U.S. at 273–74, 114 S.Ct. 807 (noting that the Fourth Amendment, "not the more generalized notion of 'substantive due process,' must be the guide" for analyzing such claims); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (affirming dismissal of Fourteenth Amendment claim alleging false information in warrant affidavit). As such, the Court construes his Fourteenth Amendment claims as only alleging an equal protection claim as he has not stated a colorable due process claim.

Plaintiff alleges that he was called the n-word during the traffic stop and that his girlfriend was called a hood rat, a racially offensive term geared toward African American women by Miller. The Court will permit his Fourteenth Amendment claim to proceed against Alimboyah and Miller and grant leave to amend to the extent that Plaintiff believes he can assert additional factual allegations to assert a due process claim.

### 3. Qualified Immunity for Individual Defendants

Plaintiff states that his claims against the individual officers are made both in their official or individual capacity. "There is no longer a need to bring official capacity actions against local government officials [in their official capacities], for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Because an official capacity suit against a municipal officer is equivalent to a suit against the government entity, the court may dismiss the officer as a redundant defendant where both the officer and the entity are named. *Center for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.2d 780, 799 (9th Cir.2008). Accordingly, the Court will not permit any claim against Miller, Alimboyah, and Cannon in their official capacity to proceed at this point; to the extent that Plaintiff wishes to amend to clarify the capacity under which he is asserting claims against the individual defendants, he will be provided with an opportunity to do so.

With respect to the officers named in their individual capacity, when government officials abuse their offices, actions for damages under Section 1983 may offer injured parties the only avenue for vindicating violations of their constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). However, permitting damages suits against government employees "'can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1125 n. 5 (9th Cir. 1997) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). Courts have responded to these competing interests by providing qualified immunity to government officials who act reasonably in performing discretionary functions. *Id.* Qualified immunity entitles government officials to "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether qualified immunity applies is a legal question to be decided early in litigation. *See Ortega v. O'Connor*, 146 F.3d 1149, 1154 (9th Cir. 1998). There is a question as to whether qualified immunity applies to the individual defendants so the Court will permit Plaintiff's claims to survive screening at this point.

### 4. Municipal Immunity

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be held liable under Section 1983 if an official policy or custom directly caused the violation of an individual's constitutional rights. However, a municipality cannot be held liable simply because it employs an officer who commits a constitutional tort. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.1995) (citing *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018). Such discretionary actions of municipal employees, even when unconstitutional, generally are not chargeable to the municipality under Section 1983. *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992).

To impose 1983 liability on a local governmental entity, such as NLVPD in this case, a plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of*

*Canton v. Harris*, 489 U.S. 378, 389–91 (1989)). A plaintiff cannot prove the existence of a municipal policy or custom based only on the occurrence of a single constitutional violation by a law enforcement officer. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). However, a policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. Las Vegas Metro. Police Dept.*, 268 F.3d 924, 929 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)).

A plaintiff need not show that a municipality affirmatively encouraged officers to take the lives of citizens; rather a municipality may be liable under Section 1983 for constitutional injuries inflicted by its officers if it fails to adequately guard against such injuries through training and supervision. *See City of Canton*, 489 U.S. at 388. The need for more or different training may be so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the municipality may be said to have displayed "deliberate indifference." *Id.* at 390. A municipality will be held to a "constructive notice" standard for failing to take corrective measures where information about officer misconduct plainly indicates a need for such measures. *See Paiva*, 939 F.Supp. 1493–94. Here, the Court will permit the Fourth Amendment claims to proceed against the North Las Vegas Police Department past this screening process given that Plaintiff alleges it failed to adequately safeguard against excessive force and illegal search and seizure due to standing policies and procedures and history of failure to train its officers.

### C. Proposed Summons

Plaintiff also submitted a proposed summons for Defendant North Las Vegas Police Department (ECF No. 17) on February 18, 2020. Plaintiff's summons is ordered to be issued by the Clerk of the Court and directed to the U.S. Marshal's Office.

## II. CONCLUSION

IT IS THEREFORE ORDERED that David L. Reed's Motion/Application for Leave to Proceed *in forma pauperis* (ECF No. 9) without having to prepay the full filing fee is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepayment of fees or costs or the giving of security for fees or costs. This order granting *in forma pauperis*

status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that under 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits from the account of **David L. Reed**, #79594, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of CCDC, NDOC is directed to send a copy of this order to the attention of the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account. The Clerk shall send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that even if this action is dismissed, or is otherwise unsuccessful, the full filing fee still shall be due, under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that:

1. Plaintiff's Fourth Amendment claim for excessive force against Alimboyah, Miller, and North Las Vegas Police Department is permitted to proceed.
2. Plaintiff's Fourth Amendment claim for illegal search and seizure against Alimboyah, Miller, and North Las Vegas Police Department is permitted to proceed.
3. Plaintiff's Fourteenth Amendment claim for violation of equal protection is permitted to proceed against Alimboyah, Miller, and North Las Vegas Police Department.
4. Plaintiff's claims against the individual defendants in their official capacity, claims against Cannon, and Fourteenth Amendment claim for violation of due process are dismissed without prejudice.
5. Plaintiff may submit a Second Amended Complaint by **April 14, 2020** to correct the deficiencies identified. If he chooses not to submit a Second Amended Complaint, then he will proceed on the operate Amended Complaint with the claims identified above that are permitted to proceed.

6. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

7. The Clerk of the Court shall issue Summons to Defendants and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the amended complaint (ECF No. 9) to the U.S. Marshal for service.

8. Plaintiff shall have thirty days in which to furnish the U.S. Marshal with the required Form USM-285.[1] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

9. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

10. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: March 25, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE