**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID L. REED,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NORTH LAS VEGAS POLICE DEPTARTMENT, et al.,<br><br>　　　　　　Defendants. | Case No. 2:18-cv-01847-APG-DJA<br><br>**ORDER** |

　　　　Presently before the court is *pro se* prisoner David L. Reed's Motion for Leave to File Joinder of Multiple Claims and Defendants (ECF No. 38), filed on November 4, 2020. He also filed a renewed Motion for Appointment of Counsel (ECF No. 39) on November 6, 2020. To date, no response has been filed.

　　　　Plaintiff improperly filed a joinder to request consolidation of three cases in this Court and addition of seven defendants. The Court will deny his request without prejudice. If he seeks to consolidate the three cases that he has commenced in this District Court, then he should file a motion to consolidate with proper points and authorities.

　　　　As for Plaintiff's Renewed Motion for Appointment of Counsel, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro

se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. Here, the Court does not find any exceptional circumstances. Upon review of Plaintiff's operative complaint and supporting documents, it is not clear that Plaintiff's claims are likely to succeed on the merits. Further, the claims, such as they are, are not complex. Finally, there has been no change that justifies reconsideration of the Court's prior Order (ECF No. 14) denying Plaintiff's prior request for appointment of counsel. The Court will therefore deny the motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Joinder of Multiple Claims and Defendants (ECF No. 38) **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 39) is **denied**.

DATED: November 13, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE