UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID L. REED, | Case No.: 2:18-cv-01847-APG-DJA |
| Plaintiff | **Order** |
| v. | [ECF Nos. 45, 49, 53] |
| NORTH LAS VEGAS POLICE DEPARTMENT, et al., | |
| Defendants | |

Plaintiff David Reed sues North Las Vegas Police Department (NLVPD) and four of its officers (Chris Alimbuyao, Justin Miller, Jordan Ooms, and Laura Dennison) based on their actions related to his arrest following a high-speed car chase. Reed asserts claims under federal and state law for illegal search and seizure, excessive force, and due process violations. ECF No. 29.

In count one of his third amended complaint, Reed alleges that Ooms and Alimbuyao did not have probable cause to initiate the traffic stop from which he fled because they falsely claimed his headlights were not illuminated. *Id.* at 5. In count two, Reed alleges that Miller and Alimbuyao used excessive force by punching and kneeing him after he had surrendered. *Id.* at 7-8. In count three, Reed alleges that Ooms and Dennison violated his due process rights by creating a false chain of evidence involving the pictures of and booking into NLVPD evidence certain credit cards that were later booked into evidence by the Las Vegas Metropolitan Police Department (LVMPD). *Id.* at 11-12. He also contends that Alimbuyao falsely stated in his police report that the passenger in the car Reed was driving had signed a release to retrieve her belongings from the car. *Id.* at 12.

Reed moves for summary judgment on his excessive force claim under state and federal law, arguing no genuine dispute remains that Alimbuyao and Miller used excessive force by repeatedly punching and kneeing him after he laid face down on the ground, was handcuffed, and was not resisting. Reed contends this use of force was unreasonable because he had surrendered and was surrounded by several armed officers, including canine officers and a helicopter. Reed also moves for summary judgment on his due process claim, arguing that Alimbuyao engaged in misconduct by releasing property to the passenger in the car Reed was driving and that Ooms and Dennison engaged in misconduct by creating a false chain of custody by claiming to have booked into NLVPD custody credit cards found in the car when the same property was later booked into evidence by LVMPD. Reed contends that his parole was revoked based in part on pictures taken of the credit cards in the front seat of the car.

The defendants oppose Reed's motion and move for summary judgment in their favor. Alimbuyao and Miller argue that their use of force was reasonable given Reed's high-speed flight in a stolen vehicle through residential neighborhoods, his continued flight on foot after he crashed the car, his refusal to obey commands to stop, their knowledge that he had conducted an armed carjacking, and his continued resistance while the officers tried to handcuff him. As for the due process claims, the defendants argue there is no constitutional violation arising from a crime scene technician taking photographs of the contents of a vehicle or from a police officer releasing items to the passengers that own those items. Alternatively, the individual defendants argue they are entitled to qualified immunity on all claims. Finally, NLVPD argues it is entitled to summary judgment because there is no basis to impose liability on it under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

The parties are familiar with the facts so I do not recite them here except where necessary to resolve the motions. I deny Reed's motion because he has not presented sufficient evidence to entitle him to judgment as a matter of law on any of his claims. I deny the defendants' motion for summary judgment on the unreasonable seizure and excessive force claims. Taking as true Reed's statement that the headlights for the car he was driving were illuminated, a reasonable jury could find the officers lacked probable cause to initiate the traffic stop that started the series of events leading up to his arrest. Additionally, viewing the facts in the light most favorable to Reed, a reasonable jury could find that Alimbuyao and Miller used excessive force by repeatedly striking Reed after he had surrendered and been handcuffed.

I grant the defendants' motion as to the federal due process claim, however, because Reed has not presented evidence showing that the same evidence was booked into two police departments and because the officers are entitled to qualified immunity. And I grant the defendants' motion as to NLVPD on the federal claims because Reed has not presented evidence of any NLVPD policy, custom, or practice that caused the alleged use of excessive force or the seizure without probable cause.

The defendants did not move for summary judgment on Reed's state law claims. Because it is possible that Reed's state law claim in count three can be resolved as a matter of law, I extend the dispositive motion deadline to allow the parties to file dispositive motions as to that claim only.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

To establish liability under 42 U.S.C. § 1983, a plaintiff must show the deprivation of a right secured by the Constitution and laws of the United States and that the deprivation was committed by a person acting under color of state law. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The defendants do not contest that they acted under color of law. Thus, the dispute centers on whether they violated Reed's constitutional rights.

The parties also dispute whether the individual defendants are entitled to qualified immunity. To allay the "risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties," government officials performing discretionary functions may be entitled to qualified immunity for claims made under § 1983. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). I determine whether the defendant officers are entitled to qualified immunity by

asking (1) whether the facts viewed in the light most favorable to the plaintiffs establish that the officers violated a constitutional right and (2) "if so, whether that right was clearly established at the time of the event." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1075 (9th Cir. 2011). I may address these two prongs in any order and, depending on the conclusion I reach, I need not address both prongs. *Pearson v. Callahan*, 555 U.S. at 223, 236-37 (2009).

A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003) (emphasis omitted) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). I make this second inquiry "in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. An officer will be entitled to qualified immunity even if he was mistaken in his belief that his conduct was lawful, so long as that belief was reasonable. *Wilkins*, 350 F.3d at 955.

**A. Unreasonable Seizure (Count One)**

Reed does not move for summary judgment on this claim, but the defendants do. Viewing the evidence in the light most favorable to Reed, a reasonable jury could find that the officers lacked reasonable suspicion[1] to stop Reed for not having his headlights illuminated because Reed avers that his headlights were on. ECF No. 29 at 5. The defendants do not identify any other basis for stopping Reed. Consequently, the jury will have to resolve if the officers had reasonable suspicion to make the initial traffic stop.

The defendants argue they are entitled to qualified immunity on this claim because they were reasonably mistaken about whether the headlights were on. But the defendants do not

---

[1] Although Reed argues the officers needed probable cause, the "Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops." *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000).

explain how the officers could have been reasonably mistaken about whether the car's headlights were on. According to Alimbuyao's police report, he was driving in the opposite direction from Reed when he noticed a vehicle approaching "with no head lamps illuminated." ECF No. 48-1 at 3. I therefore deny the defendants' motion on this claim. Additionally, the defendants do not address the state law portion of count one, so that remains pending as well. *See* ECF No. 29 at 5.

### B. Excessive Force (Count Two)

Reed moves for summary judgment on this claim, contending the officers used unreasonable force as a matter of law. The defendants also move for summary judgment, arguing that they used reasonable force as a matter of law or, alternatively, they are entitled to qualified immunity.

Excessive force in the course of an arrest is analyzed under "the Fourth Amendment's 'objective reasonableness' standard." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)). To determine whether the officers' actions were objectively reasonable in light of the circumstances confronting them, I "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Id.* at 383 (quotation omitted).

Viewing the facts in the light most favorable to the defendants on Reed's motion, a reasonable jury could find Miller and Alimbuyao used reasonable force because Reed engaged in a high-speed flight in a stolen car through residential neighborhoods and the officers learned during the chase that the stolen car was related to an armed carjacking. ECF No. 48-1 at 3-5. According to the officers, Reed tossed a gun out the car window, fled on foot after he crashed the car, disobeyed officer commands to stop, and continued to resist being handcuffed even after he was on the ground. *Id.* at 3-5, 39, 64. A reasonable jury thus could find that the blows Miller and

Alimbuyao delivered were reasonable to secure Reed in handcuffs and that all use of force ceased upon successfully handcuffing him. *Id.* at 20, 39, 64. I therefore deny Reed's motion on this claim.

Viewing the evidence in the light most favorable to Reed on the defendants' motion, a reasonable jury could find Miller and Alimbuyao used unreasonable force by punching and kneeing Reed after he had surrendered, laid on the ground, and submitted to being handcuffed while being surrounded by numerous armed officers. According to Reed, the blows were delivered after he was handcuffed and not resisting. ECF No. 45 at 14-15.[2] The officers are not entitled to qualified immunity because a reasonable officer would know that delivering multiple strikes with a fist or knee to an unresisting, handcuffed individual is unreasonable. *See, e.g.*, *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (stating a reasonable officer would know that "punching Blankenhorn to free his arms when, in fact, he was not manipulating his arms in an attempt to avoid being handcuffed" violated the Fourth Amendment). I therefore deny the defendants' motion on this claim. The defendants again do not address the state law component of this claim, so that also remains pending. *See* ECF No. 29 at 7.

**C. Due Process**

Reed's due process claim is based on what he views as discrepancies among various police reports. Alimbuyao's report indicates that the following items were retrieved by Ooms and "booked as found property" at NLVPD: a Nevada driver's license belonging to Kriselle Angulo, a Nevada instruction permit and social security card belonging to Alyssa Aromin, and a Bank of America Visa card belonging to Teresita Barinque. ECF No. 48-1 at 6. Dennison's

---

[2] Reed references video of the incident, but no party has provided me video evidence. *See, e.g.*, ECF No. 45 at 2. Reed attaches to his motion an exhibit cover page indicating the video is "to be provided," but he did not provide it. *Id.* at 20.

report documents the impoundment of items related to the gun and ammunition. *Id.* at 23, 27-32. She also reports taking photographs of the stolen vehicle Reed drove. *Id.* at 32. Her report does not document taking any credit cards into custody. The stolen car was released to LVMPD and that police department's property report states that credit cards for Aromin and Angulo were located in the car and taken into LVMPD custody. ECF No. 45 at 39-40. There is no evidence that the same credit cards were taken into custody by both NLVPD and LVMPD, and thus there is no evidence of a chain of custody issue.

Moreover, Reed does not explain how any error in documenting the booking of the credit cards (if there was one) undermines the validity of the photographs Dennison took of the car's contents, and Reed alleges the photographs (not the credit cards) are what was presented to the parole board and grand jury. *Id.* at 18. Because this portion of his claim has no factual basis even when viewing the evidence in the light most favorable to Reed, and because he presents no clearly established law that would put the defendants on notice that their conduct was unlawful, I grant the defendants' motion for summary judgment and deny Reed's motion on this portion of his due process claim.

Reed also disputes that the passenger signed a property release because the passenger told him she had never signed a property release. *Id.* at 46. He contends that Alimbuyao falsely stated in his report that the passenger signed a release, so Alimbuyao's police report was falsified. Even assuming Alimbuyao falsely stated in his report that the passenger signed a release,[3] Reed has not explained how releasing the passenger's property to her, or indicating that she signed a release when she did not, violated his due process rights. Nor has he pointed to

---

[3] Alimbuyao's report states that a "property release was conducted and the property was released" to the passenger. ECF No. 48-1 at 7.

clearly established law that would put an officer on notice that releasing the passenger's property to her or falsely claiming she signed a property release would violate Reed's due process rights. I therefore grant the defendants' motion and deny Reed's motion on his § 1983 due process claim.

The defendants did not move for summary judgment on the state law portion of this claim. *See* ECF No. 29 at 11.  But because the state law claim in count three might be decided as a matter of law without the need for a trial, I will extend the dispositive motion deadline for the parties to file new motions for summary judgment on this claim only.

### D. *Monell* Liability

NLVPD moves for summary judgment on all the federal claims because Reed has not identified or provided evidence of a policy, custom, or practice that was the moving force behind any violations.  Reed does not respond to this argument.

To sue a local government under § 1983, it is not sufficient to allege a respondeat superior theory of liability for actions of a municipality's employees. *Monell*, 436 U.S. at 691.  A plaintiff must allege that the government's policy or custom caused the violation. *Id.* at 694.  The injuries must arise from a municipality's "deliberate action" made "pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019).

Because Reed did not respond to this portion of the defendants' motion, he has not pointed to evidence that would raise an issue of fact regarding NLVPD's liability on any of the § 1983 claims.  To the contrary, Reed argues that Miller and Alimbuyao's use of force was in violation of NLVPD policy. ECF No. 45 at 15.  I therefore grant the defendants' motion as to

NLVPD on the § 1983 claims.  But because the defendants did not address the state law claims, it is possible that NLVPD may be liable on the state law claims under a respondeat superior theory.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff David Reed's motion for partial summary judgment **(ECF No. 45) is denied**.

I FURTHER ORDER that the defendants' motion for summary judgment **(ECF Nos. 49, 53) is granted in part**.  The motion is granted as to plaintiff David Reed's due process claim under 42 U.S.C. § 1983 for all defendants.  The motion is also granted as to defendant North Las Vegas Police Department on all of plaintiff David Reed's claims under 42 U.S.C. § 1983.  The motion is denied in all other respects.

I FURTHER ORDER that that the dispositive motion deadline is extended to October 22, 2021 for the state law claim in count three only.  If neither party files a motion by that date, then the proposed joint pretrial order is due November 15, 2021.  If either party files a motion, then the proposed joint pretrial order is due 30 days after I resolve the motion.

DATED this 23rd day of September, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE